IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CATHERINE LYNN QUICK a/k/a PATRICK NEAL CHAMPION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13-2034-STA-tmp |
| ALICE CONLEY, et al., | ) ) | |
| Defendants. | ) ) | |

ORDER OF DISMISSAL
AND
ORDER ASSESSING CIVIL FILING FEE

On January 16, 2013, Plaintiff Catherine Lynn Quick a/k/a Patrick Neal Champion, Tennessee Department of Correction prisoner number 328286, who is currently an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* civil complaint, titled "Petition for Court Order/Intervention." (ECF No. 1.) That filing purports to invoke this Court's jurisdiction under 28 U.S.C. § 1391(b)(2), which addresses venue rather than subject-matter jurisdiction. The Clerk docketed the case as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Plaintiff is a three-strike filer subject to the restrictions contained in 28 U.S.C. § 1915(g), a fact he neglected to disclose when he commenced this action. In an order issued on June 17, 2013, the Court, *inter alia*, denied leave to proceed *in forma pauperis*

and directed Plaintiff to remit the entire $350 civil filing fee within thirty (30) days. (ECF No. 2.) Plaintiff was cautioned that "[f]ailure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute." (Id. at 4.)

Plaintiff has not paid the filing fee, and the time specified in the June 17, 2013 order has expired. Instead, on July 2, 2013, Plaintiff filed his Answer to Courts [sic] Order Filed 06/21/13. (ECF No. 3.) That filing asserts that the Prison Litigation Reform Act of 1996 ("PLRA") is unconstitutional, that the case must proceed if the filing fee is assessed, and that he is in imminent danger of serous physical injury.

Plaintiff's challenge to the constitutionality of the PLRA is meritless. As stated in the previous order, the Sixth Circuit has upheld the constitutionality of § 1915(g). Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998) ("§ 1915(g) does not infringe upon the fundamental right of access to the courts"); *see also* Askew v. McCabe, No. 08-13567, 2010 WL 3464767, at *1 (E.D. Mich. Aug. 31, 2010) (rejecting First Amendment challenge to PLRA); Lacefield v. WERG-TV, Inc., No. 05-2180-Ml/V, 2006 WL 1699467, at *1 (W.D. Tenn. June 15, 2006) (same). Therefore, the Court is required to assess the civil filing fee for all prisoner cases and, because Plaintiff is a three-strike filer, cannot consider the merits of his claims unless he pays the civil filing fee or demonstrates that he is in imminent danger of serious physical injury.

2

Plaintiff's filing also asserts that he is in imminent danger of serious physical injury. He states that Defendants' use of his former name "causes mental and emotional stress upon an already tenuous emotional ground. . . . I am a FEDERALLY Diagnosed M.T.F. Transsexual, have been in Mental turmoil all my life and daily fight the urge to commit suicide and to do dangerous self surgery!" (ECF No. 3 at 2.) Plaintiff asserts that "the actions of Alice Conley and her staff are damaging irreparably [Plaintiff's] treatment and are making [Plaintiff] more tempted & more likely to committ [sic] and succeed in [his] next suicide attempt. If that is not life threatening or of immenant [sic] danger, then there is no danger to anyone from anything!" (Id.)

Plaintiff's new allegations are not properly considered because they are not contained in an amendment to the complaint. Even if they were considered, they are insufficient to show that Plaintiff was in imminent danger of serious physical injury when he commenced this action. "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." Taylor v. First Med. Mgmt., 508 F. App'x 488, 492 (6th Cir. 2012). Threats by third parties to injure an inmate in the future are insufficient to satisfy the "imminent danger" requirement. *See, e.g.*, Rittner v. Kinder, 290 F. App'x 796, 798 (6th Cir. 2008); Davis v. Cook, 4 F. App'x 261, 262 (6th Cir. 2001); Johnson v. Anderson, No. 2:09-CV-1441, 2009 WL 4064135, at *2 (E.D. Mich. Nov. 20, 2009); Tucker v. Shaheen, No. 09-12942, 2009 WL 3199688, at *3 (E.D. Mich. Sept. 30, 2009).

3

Plaintiff's suggestion that he might attempt suicide or self-mutilation if Defendants are permitted to address him by the name under which he committed his federal crimes is insufficient to satisfy the "imminent danger" exception.[1]

Even if Plaintiff's threats to injure himself were sufficient, any danger is not "imminent." Plaintiff's complaint seeks an order directing Defendants to refer to Plaintiff by the name "Catherine Lynn Quick" "when he begins his period of federal supervised release after he has served the state sentence for which he is presently incarcerated. . . . According to the Tennessee Department of Correction, Plaintiff is not eligible for release until October 2, 2018." (ECF No. 2 at 4 (footnotes omitted).)[2]

Plaintiff's submission does not contain any promise to pay the civil filing fee in the event his arguments are rejected. Plaintiff also has not established that he is financially eligible to pay the fee in installments under 28 U.S.C. § 1915(b). Because Plaintiff has not paid the civil filing fee within the time specified, the case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Judgment shall be entered for Defendants.

---

[1] The speculative nature of the danger claimed by Plaintiff is demonstrated by the fact that no ill effects were claimed after issuance of an order on April 12, 2010 by United States District Judge Samuel H. Mays, Jr. denying Plaintiff's motion for an amended criminal judgment and commitment order reflecting his new name. (Order Denying Def.'s Mot. for an Am. J. & Commitment Order, United States v. Champion a/k/a Quick, No. 99-20160-SHM (W.D. Tenn.), ECF No. 119.)

[2] Since the issuance of the previous order, Plaintiff's release date has been advanced to September 26, 2018. *See* https://apps.tn.gov/foil/search.jsp (Tennessee Felony Offender Information Lookup).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); *cf.* In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $350 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main. Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this 20th day of September, 2013.

                                **s/S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE